ALBERTO SANTANA *v.* CITY OF HARTFORD

ALBERTO SANTANA *v.* BRUCE P. MARQUIS ET AL.
(SC 17687)

Borden, Norcott, Katz, Vertefeuille and Zarella, Js.

Argued February 8—officially released April 10, 2007

---

*Kimball Haines Hunt*, with whom, on the brief, was *Nicole L. Barber*, for the appellant (plaintiff).

*Helen Apostolidis*, assistant corporation counsel, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Alberto Santana, appeals from the judgment of the Appellate Court affirming the judgment of the trial court in two consolidated actions. *Santana* v. *Hartford*, 94 Conn. App. 445, 448, 894 A.2d 307 (2006). In the first action, the plaintiff sought indemnification pursuant to General Statutes § 53-39a from the defendant, the city of Hartford (city), for costs incurred by him in defending against criminal charges he had allegedly committed in his capacity as a police officer. In the second action, the plaintiff raised several claims against the defendants, the chief of the Hartford police department, Bruce P. Marquis, and the Hartford police department, relating to his suspension from the department after criminal charges were brought against him. The trial court rendered judgment in favor of the defendants in both cases and the Appellate Court affirmed the judgment. We granted the plaintiff's peti-

(Internal quotation marks omitted.) *State* v. *Garvin*, 242 Conn. 296, 312, 699 A.2d 921 (1997).

tion for certification to appeal limited to the following issue: "Whether the plaintiff's rights to due process under the state and federal constitutions were violated under the facts of this case?" *Santana* v. *Hartford,* 279 Conn. 901, 901 A.2d 1223 (2006). We affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following facts and procedural history. "The plaintiff became a Hartford police officer on August 16, 1985. On February 18, 1993, he was suspended without pay as a result of his arrest on felony charges. In December, 1994, as a result of the findings of an investigative grand jury, a second arrest warrant was issued and the charges were consolidated in an amended long form information.

"The amended long form information, dated February 6, 2001, charged the plaintiff with the sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of a narcotic substance with intent to sell by a person who is not drug-dependent in violation of § 21a-278 (b), conspiracy to distribute narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 (a) and 21a-278 (b), conspiracy to sell a controlled substance in violation of General Statutes §§ 53a-48 (a) and 21a-277 (b), and racketeering activity in violation of General Statutes § 53-395 (c). On March 20, 2001, the jury found the plaintiff not guilty as to three of the counts, and on July 12, 2001, a judgment of acquittal was rendered on the remaining counts.

"On July 17, 2001, the plaintiff, a member of the Hartford police union (union), requested that he be reinstated as a police officer. On July 31, 2001, the union filed on behalf of the plaintiff a grievance against the city regarding the failure to reinstate him. Various pro-

ceedings ensued, and the plaintiff's employment ultimately was terminated on June 6, 2002.

"During the course of the administrative proceedings, the plaintiff initiated his first action, alleging that pursuant to § 53-39a, he was entitled to reimbursement for his expenses incurred as a result of the criminal charges filed against him. Following the termination of his employment, he commenced the second action in which he claimed that he was entitled to back pay and reinstatement as a police officer. The court consolidated the two actions, and the parties submitted a stipulation of facts and three binders of documentary evidence.

"The court found that the charged criminal activity was not allegedly committed in the course of the plaintiff's duties as a police officer. As a result, the court concluded that he was not entitled to statutory indemnification. The court further determined that the termination of the plaintiff's employment did not violate the terms of the collective bargaining agreement between the city and the union and that the plaintiff's due process rights were not violated. Accordingly, the court rendered judgment in favor of the defendants." *Santana* v. *Hartford*, supra, 94 Conn. App. 448–50.

On appeal to the Appellate Court, the plaintiff claimed that the trial court improperly had: (1) found that the crimes of which he was acquitted had not been allegedly committed in the course of his duty as a police officer; (2) determined that the city had the power to continue his suspension after his acquittal; and (3) determined that his suspension without pay did not violate the state and federal constitutional guarantees of due process. Id., 448. The Appellate Court rejected these claims and affirmed the judgment of the trial court. Id., 477. This certified appeal followed.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we

conclude that the judgment of the Appellate Court should be affirmed. Part III of the thoughtful and comprehensive opinion of the Appellate Court properly resolved the issue in this certified appeal.[1] See id., 467–77. Further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001).

The judgment of the Appellate Court is affirmed.

---

[1] The Appellate Court's conclusions, in part I of its opinion, that the trial court properly determined that the plaintiff was not entitled to indemnification by the city; *Santana* v. *Hartford,* supra, 94 Conn. App. 450–56; and, in part II of its opinion, that the city was authorized to continue his suspension after his acquittal on the criminal charges; id., 456–57; are not at issue in this certified appeal.