GMAC MORTGAGE CORPORATION *v.* ANTHONY J.
GLENN ET AL.
(AC 27838)

Schaller, Bishop and Harper, Js.

Argued May 30—officially released August 14, 2007

*Anthony J. Glenn,* pro se, the appellant (named defendant).

*Benjamin T. Staskiewicz,* for the appellee (plaintiff).

BISHOP, J. The defendant Anthony J. Glenn[1] appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, the GMAC Mortgage Corporation. On appeal, the defendant claims that the court (1) improperly denied his application for protection from foreclosure pursuant to General Statutes § 49-31f[2] and (2) denied him due process of law.[3] We affirm the judgment of the trial court.

[1] Also named as defendants were Mortgage Electronic Registration Systems, Inc., the department of revenue services, Capital One and Middlesex Hospital. Only Mortgage Electronic Registration Systems, Inc., and Glenn filed appearances in the trial court. Because only Glenn has appealed, we refer to him in this opinion as the defendant.

[2] General Statutes § 49-31f is commonly referred to as the "foreclosure moratorium act . . . ." D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 15.01, p. 351.

[3] The defendant raises three additional claims, which require little discussion. First, the defendant claims that pursuant to Practice Book § 17-32 (b) the court was required to wait fifteen days after rendering a default to render judgment. In fact, Practice Book § 17-33 (b) controls this situation. "It provides in relevant part that the judicial authority, at or after the time it renders the default, notwithstanding Section 17-32 (b), may also render judgment in foreclosure cases . . . ." (Internal quotation marks omitted.) *Branford* v. *Van Eck*, 86 Conn. App. 441, 446 n.3, 861 A.2d 560 (2004), cert. denied, 272 Conn. 922, 867 A.2d 839 (2005).

Second, the defendant claims that General Statutes § 49-31f (g) prevented him from filing an answer to the plaintiff's complaint, which resulted in a default judgment for his failure to plead. Section 49-31f (g) provides in relevant part: "No homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure . . . ." The statutory language expressly prohibits only the filing of a defense. It does not, as the defendant argues, state that one cannot file an answer to the complaint. Thus, the defendant misreads the statute, and his claim must fail.

Finally, the defendant claims that the court "showed a lapse of ethical conduct and judicial discretion" when it delayed filing its decision for thirty-seven days. This claim appears to be premised on the mistaken belief that no judgment was rendered on May 30, 2006, because the judicial branch's Internet docket summary did not reflect the judgment until July 10, 2006. Although there may have been a delay in updating the Internet docket summary, the record clearly shows that the court rendered judgment of foreclosure by sale in open court on May 30, 2006, in the defendant's pres-

The following facts and procedural history are relevant to the resolution of the defendant's claims. On December 29, 2005, the plaintiff filed this action against the defendant seeking to foreclose a mortgage on real property located at 20 Chelsea Court in Middletown. On February 10, 2006, the defendant, appearing pro se, filed an application seeking protection from foreclosure pursuant to § 49-31f. On April 24, 2006, the court, *Booth, J.*, sustained the plaintiff's objection to the defendant's application for foreclosure protection on the ground that two foreclosure actions had been commenced against him in 2003.[4]

Also, on March 29, 2006, the plaintiff filed a motion for a judgment of strict foreclosure and on May 1, 2006, a motion for default for failure to plead, which the trial court clerk denied on May 4, 2006. On May 5, 2006, the defendant filed a motion to reconsider the application for protection, which the court, *Booth, J.*, granted. Subsequently, on May 30, 2006, the court, *Aurigemma, J.*, orally denied the application for protection, vacated the clerk's denial of the motion for default, rendered a default judgment against the defendant for his failure to file an answer and rendered judgment of foreclosure by sale. On July 10, 2006, the defendant filed this appeal from the court's denial of his application for protection from foreclosure and from the subsequent judgment of foreclosure by sale. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly construed § 49-31f (a) (2). Specifically, the defendant

___

ence. Moreover, the court clarified for the defendant that judgment would be rendered on that date.

[4] Two prior foreclosure actions were initiated against the defendant in 2003. They were *Mortgage Electronic Registration Systems, Inc.* v. *Glenn*, judicial district of Middlesex, Docket No. CV-03-0100568-S, and *Mortgage Electronic Registration Systems, Inc.* v. *Glenn*, judicial district of Middlesex, Docket No. CV-03-0102378-S. Both actions subsequently were withdrawn.

argues that he should not have been denied foreclosure protection on the ground that two previous foreclosure actions had been "commenced" against him because these actions eventually were withdrawn. We disagree.

Issues of statutory construction raise questions of law over which we exercise plenary review. See *State v. Ramos*, 271 Conn. 785, 791, 860 A.2d 249 (2004). Accordingly, we begin our analysis of this claim with well established principles of statutory construction. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Doe v. Norwich Roman Catholic Diocesan Corp.*, 279 Conn. 207, 212, 901 A.2d 673 (2006).

Because the language of the statute is our foremost consideration in determining the meaning of an act, our interpretive task begins with the relevant statutory language. Id. Section 49-31f, entitled in part, "Application for protection from foreclosure action," provides in relevant part: "(a) . . . a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application . . . to the court having jurisdiction over the foreclosure action for protection from foreclosure if . . . (2) such homeowner has not had a foreclosure action *commenced*

against him in the preceding seven-year period . . . ." (Emphasis added.)

Because the legislation does not define the term "commenced," it is appropriate for us to construe the term "commenced" in a manner that is consistent with its commonly approved meaning. See *State* v. *Pare*, 253 Conn. 611, 628, 755 A.2d 180 (2000). "Commence" is defined by Black's Law Dictionary (5th Ed. 1979) as meaning: "To initiate by performing the first act. To institute or start." Thus, the clear language of § 49-31f (a) (2) denies foreclosure protection to anyone who has had a foreclosure action filed against him or her within the prior seven year period regardless of the reason for its commencement and even if it was subsequently withdrawn. This interpretation adheres to the "cardinal rule of statutory construction . . . that where the words of a statute . . . are plain and unambiguous the intent of the [drafters] in enacting the statute . . . is to be derived from the words used. . . . We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words . . . ." (Citation omitted; internal quotation marks omitted.) *Bank of New York* v. *National Funding*, 97 Conn. App. 133, 140–41, 902 A.2d 1073, cert. denied, 280 Conn. 925, 908 A.2d 1087 (2006), cert. denied sub nom. *Reyad* v. *Bank of New York*, 549 U.S. 1265, 127 S. Ct. 1493, 167 L. Ed. 2d 229 (2007).

Although we have found no appellate decisional law construing § 49-31f (a) (2), the result we reach is in accord with well reasoned trial court decisions on point. In *Citicorp Mortgage, Inc.* v. *Moore*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-91-036469-S (March 1, 1993), the court opined: "It is not what the legislature might have said, but rather, the meaning of what it did say, that controls. . . . [T]he requirement [under § 49-31f (a) (2)] that the homeowner has not had a foreclosure action commenced against him in the preceding seven year period *means any*

*foreclosure action.*" (Citations omitted; emphasis added; internal quotation marks omitted.) Also, the court in *Torrington Savings Bank* v. *Hanley*, Superior Court, judicial district of Litchfield, Docket No. 0056764 (November 19, 1991) (7 C.S.C.R. 6), correctly concluded: "The defendant need not have lost her property in a foreclosure action; but, as long as a foreclosure action has begun against her, she is not eligible for protection . . . ."

Finally, in their treatise on Connecticut foreclosures, professor Denis Caron and Geoffrey K. Milne commented in regard to the use of the term "commenced" in the statute: "The earlier ambiguity of the provision was eliminated by the passage of [Public Acts 1984, No.] 84-373, which substituted the term 'commenced' for 'brought.' In limiting qualification to a homeowner who had not had a foreclosure action 'brought' against him in the preceding seven-year period, the earlier version was unclear about whether it meant to disqualify only those who had actually suffered a completed foreclosure. Clearly, the new provision eliminates all doubt on this issue: The mere fact of the commencement of an action within seven years disqualifies the homeowner, even if the action was subsequently resolved in favor of the homeowner . . . . A homeowner who has not actually lost a property through foreclosure, but against whom an action has only begun, is not a viable candidate under the act, even though the action was never prosecuted." D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 15.03, p. 352.

We conclude, therefore, that given the unambiguous language of § 49-31f (a) (2), if a foreclosure action has been commenced against a defendant within seven years of the date on which he or she seeks protection from foreclosure pursuant to § 49-31f, the court has no authority to grant statutory relief no matter how sympathetic or otherwise deserving a defendant may

appear to be.[5] In the present case, it is undisputed that two prior foreclosure actions had been filed against the defendant within the statutory time period. Thus, because the court properly construed § 49-31f (a) (2), the defendant's first claim must fail.

## II

Next, the defendant claims that the court violated his due process rights in denying his application for foreclosure protection pursuant to § 49-31f and rendering judgment of foreclosure against him. Specifically, the defendant argues that due process mandates that he should have been permitted an evidentiary hearing to demonstrate that despite the uncontested fact that two prior foreclosure actions had been filed against him, he still should have been entitled to foreclosure protection. We disagree.

The following additional facts are necessary for our resolution of the defendant's claim. At the May 30, 2006 hearing, the following colloquy ensued:

"[The Plaintiff's Counsel]: So, on the calendar today is a reconsideration of the [defendant's] application [for foreclosure protection], my objection and the [foreclosure] judgment motion.

"The Court: Okay. I reviewed the objection and the application, and the objection stated that in 2003 [the defendant] had had two foreclosures filed against him; is this correct?

"[The Plaintiff's Counsel]: Yes, Your Honor. It's a matter of public record in this court.

"The Court: Is this correct . . . ?

---

[5] In reaching this conclusion, we are mindful that the General Assembly has the power to amend the statute to entitle the court, in weighing the equities, to determine whether the mere commencement of a foreclosure action within the statutory time period should invariably preclude the availability of the statute's protection to a defendant.

"[The Defendant]: That's not my—that's not my recollection. There were two items that were filed against us.

"The Court: Yes.

"[The Defendant]: However, they were withdrawn by the plaintiff.

"The Court: The statute doesn't speak to that, sir. It just says two foreclosures, two mortgage foreclosures within seven years. So, that would negate your ability to get . . . your application for protection granted.

"[The Defendant]: Well, I think that's part of the reason why we're here . . . and one of the things we want to do is get, have a full opportunity to be heard. We wanted to show that we actually meet all of the statute's [requirements for foreclosure protection] . . . and that we wanted to be heard on that item.

"The Court: Well . . . if, in fact, you've had two foreclosures commenced against you within the last seven years, which, apparently, is the case, then you can't— I can't grant the application for protection under the statute. So, there's really no need to hear anything because the legislature has enacted this special statute to help people who are underemployed, and, I guess, specifically, did not want to help people who had, within the last seven years, had other mortgage foreclosures.

"[The Defendant]: Well, among other things, let me just—can I, can I hand you some exhibits first so that I can talk with you about it?

"The Court: No, sir. I'm denying the application for protection because there's no point in hearing anything because you've . . . had two foreclosures against you in the last seven years. . . .

"[The Defendant]: I've got some other relevant facts to consider.

"The Court: Okay. Well, I've denied it, sir, because you've had two foreclosures commenced against you in the last seven years. So, whatever other facts I hear, the legislature says I can't grant it. So, I'm denying it. . . . I've tried to explain to you that this is something that the legislature has enacted, and they've said that you can't use that if you've had a mortgage foreclosure filed against you within the last seven years, and you've had two.

"[The Defendant]: But here's the thing, they were . . . completely withdrawn. They were withdrawn by the plaintiff themselves. . . .

"The Court: They were filed, I assume, because you were in default on your mortgage. . . . The legislature didn't say and the statute doesn't say foreclosure judgment, does it?

"[The Plaintiff's Counsel]: It says commence.

"The Court: Commence. . . . The foreclosure was commenced . . . and you've had two foreclosures commenced against you. The legislature is not willing to give that protection to people who have been in multiple default on their mortgage. I am denying the application, sir. We're going forward with the judgment. . . .

"[Bobbie Minor Glenn]: So, even if it's in error, even if they commenced an action against you and it turns out to be an error, you're still held accountable for that; is that true?

"The Court: Yes."

The issue of whether the court violated the defendant's procedural due process rights is a question of law over which this court's review is plenary. See *State* v. *Warren*, 100 Conn. App. 407, 424, 919 A.2d 465 (2007). "The fundamental requisite of due process of law is the

opportunity to be heard. . . . The hearing must be at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 512, 778 A.2d 33 (2001). "Inquiry into whether particular procedures are constitutionally mandated in a given instance requires adherence to the principle that due process is flexible and calls for such procedural protections as the particular situation demands. . . . There is no per se rule that an evidentiary hearing is required whenever a [property] interest may be affected. Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances." (Citation omitted; internal quotation marks omitted.) *State* v. *Lopez*, 235 Conn. 487, 492, 668 A.2d 360 (1995).

"The United States Supreme Court analyzes claims of procedural due process in accordance with the three part test set forth in *Mathews* v. *Eldridge*, 424 U.S. 319, 334–35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The Connecticut Supreme Court uses the same test. . . . That test requires a consideration of the private interest that will be affected by the official action, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (Citation omitted; internal quotation marks omitted.) *Santana* v. *Hartford*, 94 Conn. App. 445, 469–70, 894 A.2d 307 (2006), aff'd, 282 Conn. 19, 918 A.2d 267 (2007).

On the basis of the court's proper construction of § 49-31f (a) (2) and the application of the *Mathews* factors to the present case, we conclude that the court afforded the defendant a meaningful opportunity to be

heard and that there was no risk of an erroneous deprivation of due process by refusing him an evidentiary hearing on issues unrelated to whether a prior foreclosure had been commenced against him within the past seven years. The defendant did not contest that there had been two prior foreclosure proceedings filed against him within seven years of the present foreclosure action. Rather, he sought to offer reasons for the court to discount those prior foreclosure actions. Under these circumstances, an evidentiary hearing would not have elicited any additional operative facts that could have affected the result because the undisputed fact that two prior foreclosure actions had been filed against the defendant was dispositive of his quest for protection from foreclosure pursuant to § 49-31f.

Although we realize that the defendant's property interest was directly at issue, the record reveals that the defendant had a meaningful opportunity to be heard on the question of the applicability of the statute to his circumstances. Once the court ascertained that there had, in fact, been two prior foreclosures commenced against the defendant within a seven year period, it properly terminated the proceedings. In sum, there would have been be no reason to conduct an evidentiary hearing because the undisputed facts at hand correctly led the court to the conclusion that the provisions of § 49-31f were not available to the defendant.

Due process does not mandate full evidentiary hearings on all matters, and "not all situations calling for procedural safeguards call for the same kind of procedure." *Bartlett* v. *Krause*, 209 Conn. 352, 377, 551 A.2d 710 (1988). "So long as the procedure afforded adequately protects the individual interests at stake, there is no reason to impose substantially greater burdens . . . under the guise of due process." *State* v. *Lopez*, supra, 235 Conn. 493. Thus, we conclude that the defendant received all the process that he was due.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.