16-1317-ag
Caesar v. Sessions

BIA
Videla, IJ
A038 620 202

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand seventeen.

PRESENT: RAYMOND J. LOHIER, JR.,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　*Circuit Judges*,
　　　　　　JED S. RAKOFF,
　　　　　　　　　*District Judge*.*

------------------------------------------------------------------

LINDEN FORBES CAESAR, AKA Linden Walker,

　　　　　　　　　*Petitioner*,

　　　　　　v.　　　　　　　　　　　　　　　No. 16-1317-ag

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

　　　　　　　　　*Respondent*.

------------------------------------------------------------------

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

---

FOR PETITIONER:                    S. Michael Musa-Obregon, White Plains, NY.

FOR RESPONDENT:                    REGINA BYRD, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Papu Sandhu, Acting Assistant Director, *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Linden Forbes Caesar, a native and citizen of Guyana, seeks review of a March 29, 2016 decision of the BIA, affirming an October 14, 2015 decision of an Immigration Judge ("IJ") ordering Caesar's removal to Guyana and denying his application for deferral of removal under the Convention Against Torture ("CAT"). In re Linden Forbes Caesar, No. A038 620 202 (B.I.A. Mar. 29, 2016), aff'g No. A038 620 202 (Immig. Ct. N.Y. City Oct. 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision to dismiss the petition.

Our jurisdiction to review a final order of removal of an "alien" who has been ordered removed on the basis of controlled substance convictions is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); Ortiz-Franco v. Holder, 782 F.3d 81, 86 (2d Cir. 2015).

Caesar argues that he met his burden for deferral of removal under the CAT because he credibly testified that a member of the Phantom Gang in Guyana threatened his life in 2000, the gang will harm him if he returns to Guyana, and the Guyanese authorities will turn a blind eye. In essence, he argues that if removed to Guyana, he would likely be tortured. The agency's factual finding that torture is unlikely is not subject to our review. Hui Lin Huang v. Holder, 677 F.3d 130, 134 (2d Cir. 2012) (the likelihood of a future event is a question of fact).

Caesar also argues that the Government's fourteen-year delay in commencing removal proceedings against him violates his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial. We lack jurisdiction to review claims concerning the Government's decision to commence removal proceedings other than colorable constitutional claims and questions of law. See Ali v. Mukasey, 524 F.3d 145, 150 (2d Cir. 2008); Barco–Sandoval v.

3

Gonzales, 516 F.3d 35, 40 (2d Cir. 2008). Here, neither Caesar's due process nor his speedy trial arguments raise colorable constitutional or legal claims.

First, due process is satisfied when an "alien" (1) receives "notice of the nature of the charges," "the time and place at which the proceedings will be held," and "the charges against [him]," and (2) is afforded "a meaningful opportunity to participate in [his] removal proceedings." Nolasco v. Holder, 637 F.3d 159, 163 (2d Cir. 2011) (quotation marks omitted). But Caesar does not dispute that these requirements were satisfied or show "some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted). Although he asserts that the delay prevented him from seeking post-conviction relief in State court, he made no prima facie showing of eligibility for that relief, see Rabiu v. INS, 41 F.3d 879, 882 (2d Cir. 1994), and has not even alleged, let alone produced, evidence of any attempt to vacate his convictions, see 8 U.S.C. § 1229a(c)(4)(A). Second, Caesar fails to state a colorable speedy trial claim because the Sixth Amendment does not apply in immigration proceedings, which are classified as civil rather than criminal. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984).

4

We have considered Caesar's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court