******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

*Syllabus*

The plaintiff sought to recover damages from the defendant for personal injuries she allegedly sustained in connection with his sexual assaults of her when she was four years old. The plaintiff, who was thirty-six years old, filed an application for a prejudgment remedy, seeking to attach certain of the defendant's real property. In response, the defendant filed a motion to dismiss the application and the underlying action. After a hearing, the trial court denied the defendant's motion to dismiss and granted a prejudgment remedy in the amount of $150,000 in favor of the plaintiff, determining that she had shown that there was probable cause that she would obtain a judgment against the defendant in that amount. Thereafter, the defendant appealed to this court, claiming that the trial court improperly denied his motion to dismiss because the applicable statute of limitations (§ 52-577d), which permits a minor victim of sexual abuse to bring an action for damages against the perpetrator of the abuse no later than thirty years from the date that the victim attains the age of majority, was unconstitutional as applied to him for a number of reasons. Specifically, he claimed that the statute was unconstitutional as applied to him because the plaintiff allegedly did not repress memories of the sexual assaults, and the legislative purpose behind extending the limitations period was to allow victims of childhood sexual abuse to recall memories of the abuse that had been repressed. *Held* that the trial court properly denied the defendant's motion to dismiss the application for a prejudgment remedy and the underlying action; the language of the statute was clear and unambiguous in that it allows a victim of childhood sexual abuse to bring a claim for damages against the perpetrator of the abuse no later than thirty years from the date upon which the victim attains the age of majority, and does not mention or require repressed memories, nor does it bar plaintiffs who have not repressed memories of the abuse from relying on it, the application of § 52-577d, as a statute of limitations, did not impact any constitutionally protected conduct or any property right of the defendant, and the defendant's claims that the application of § 52-577d violated his rights to a speedy trial, to confrontation and to protection against double jeopardy were unavailing, as those constitutional provisions were applicable only in criminal settings.

Argued October 10—officially released December 12, 2017

*Procedural History*

Action to recover damages for sexual assault, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the court, *Aurigemma*, *J.*, granted the plaintiff's application for a prejudgment remedy and denied the defendant's motion to dismiss the application and the action, and the defendant appealed to this court. *Affirmed.*

*Bryan P. Fiengo*, with whom, on the brief, was *Eric W. Callahan*, for the appellant (defendant).

*Karen K. Clark*, with whom, on the brief, was *Timothy L. O'Keefe*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant, Charles J., appeals from the trial court's judgment (1) denying his motion to dismiss the application for a prejudgment remedy filed by the plaintiff, Tara S., and the underlying action,[1] and (2) granting a prejudgment attachment of $150,000 in favor of the plaintiff. On appeal, the defendant claims that the court improperly denied his motion to dismiss because, as applied to him, General Statutes § 52-577d is unconstitutional in that the plaintiff did not repress memories of the sexual assault and, therefore, knew of her potential claim against him for more than thirty years. The defendant also argues that § 52-577d violates his right to a speedy trial, his protection against double jeopardy, and his right to confrontation provided by both the United States and Connecticut constitutions. Finally, the defendant argues that § 52-577d is unconstitutionally overbroad and improperly deprives him of a property interest. We affirm the judgment of the trial court.

The relevant facts are set forth in the court's memorandum of decision on the motion to dismiss and the application for a prejudgment remedy. "The plaintiff is a victim of sexual abuse at the hand of her father, the defendant . . . who was the subject of a criminal prosecution, the appeal of which resulted in a case of first impression [in our Supreme Court] concerning the use of videotaped testimony of minor victims . . . .

"At the hearing on the prejudgment remedy application, the plaintiff . . . testified that she had reviewed the [Supreme Court] decision and other documents relating to the prosecution shortly before she testified. Her testimony about the events surrounding the sexual assaults [was] nearly identical to the facts as recited by the court . . . . The plaintiff was four years old at the time of the assault and, although she claimed to have memory of the assaults, the court finds that the memory is largely based on a recent reading of the accounts of the events and extensive discussion with family members.

"The plaintiff, now [thirty-six] years of age, testified that she and her mother and brother moved away from Middletown when she was [five] years old. She stated that she thought she had received some counseling, but had not received regular medical checkups as a child. The plaintiff played sports and an instrument in high school, where she was on the honor roll. She was never suspended in school for any misconduct. The plaintiff received her bachelor's degree from the University of North Carolina at Asheville, where she was on the dean's list, and a master's degree from the University of Oregon. She married in 2010, had a child, and divorced in 2015.

"The plaintiff testified that she had never been diag-

nosed with depression by any medical professional. However, she stated that she diagnosed herself with depression and obtained antidepression medication from her primary care physician. She last took the antidepression medication in 2013. . . .

"The plaintiff testified that the main effect that the sexual assaults had on her life was that she grew up only knowing her mother's side of the family, she felt guilty about her [the defendant's] prosecution and was embarrassed when people asked her where her father was. When asked why she decided to bring this lawsuit now, after the passage of so many years, the plaintiff testified she struggled everyday and also, learned that the case against [the defendant] had considerable notoriety."

General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Section 52-577d, upon which the plaintiff relies to establish the timeliness of this litigation, provides that "[n]otwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than thirty years from the date such person attains the age of majority."[2] The defendant makes several arguments challenging the constitutionality of § 52-577d as applied to him. Specifically, the defendant argues that the plaintiff's claim does not satisfy the legislative purpose behind extending the limitations period for victims of childhood sexual abuse because the plaintiff allegedly did not repress any memories of the sexual assaults. The defendant further argues that this civil litigation is of a "quasi-criminal" nature and infringes upon certain constitutional protections typically afforded criminal defendants, namely, the right to a speedy trial, the protection against double jeopardy, and the right to confrontation under the United States and Connecticut constitutions. The defendant also claims that § 52-577d is unconstitutionally overbroad and infringes upon a property interest of the defendant. We disagree.

"In considering an application for a prejudgment remedy [t]he trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . . Appellate review of the granting of a [prejudgment remedy] is extremely narrow and focused. In determining probable cause, the trial court is vested with wide discretion and our role in reviewing the trial court's action is limited to determining whether the court's conclusion was reasonable. . . . Accordingly, the trial court's determination in a [prejudgment remedy] proceeding should not be disturbed unless it is clearly erroneous. . . . Furthermore, we are entitled

to presume that the trial court acted properly and considered all the evidence." (Internal quotation marks omitted.) *Giordano* v. *Giordano*, 39 Conn. App. 183, 206, 664 A.2d 1136 (1995). On appeal, the defendant does not, separately from or in addition to his constitutional claims, contest the court's finding of probable cause or its granting of or the amount of the prejudgment remedy.

"Determining the constitutionality of a statute presents a question of law over which our review is plenary. . . . It [also] is well established that a validly enacted statute carries with it a strong presumption of constitutionality, [and that] those who challenge its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt. . . . The court will indulge in every presumption in favor of the statute's constitutionality . . . . Therefore, [w]hen a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear." (Internal quotation marks omitted.) *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 405, 119 A.3d 462 (2015).

We first address the defendant's claim that § 52-577d is unconstitutional as applied to him because the plaintiff allegedly did not repress memories of the sexual assaults perpetrated by the defendant.[3] Relying on certain pieces of legislative history to support his claim, the defendant argues that the purpose behind extending the limitations period was to allow victims of childhood sexual abuse time to recall memories of the abuse that they had repressed. When § 52-577d is read in light of General Statutes § 1-2z,[4] however, we are compelled to conclude that, whether the plaintiff did or did not repress memories of the sexual abuse is irrelevant, as § 52-577d does not mention or require repressed memories, nor does it bar plaintiffs who have not repressed memories of the abuse from relying on it. As our Supreme Court has recognized, the language of § 52-577d is clear and unambiguous in that it allows a victim of childhood sexual abuse to bring a claim for damages against the perpetrator of the abuse no later than thirty years from the date upon which the victim attains the age of majority. See *Doe* v. *Norwich Roman Catholic Diocesan Corp.*, 279 Conn. 207, 214, 901 A.2d 673 (2006) ("[t]he meaning of § 52-577d . . . is plain and unambiguous because it is susceptible of only one reasonable interpretation, namely, that a minor victim of sexual assault may bring a civil action no later than thirty years from the date that he or she attains the age of majority . . . .") Because the meaning of § 52-577d is plain and unambiguous, we do not consider the legislative history that the defendant relies on and conclude that its language permitted the plaintiff to bring an action against the defendant regardless of whether she had or had not repressed her memories of the sexual assaults.

We next address the defendant's constitutional challenges regarding the alleged "quasi-criminal" nature of this civil litigation. The defendant argues that application of § 52-577d violates his constitutional right to a speedy trial,[5] his protection against double jeopardy,[6] and his right to confrontation.[7] Each constitutional provision at issue, however, is applicable only in criminal settings. See, e.g., U.S. Const., amend. VI ("[i]n all criminal proceedings . . ."); Conn. Const., art. 1, § 8 (same); U.S. Const., amend. V ("[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . ."); cf. *In re Ceana R.*, 177 Conn. App. 758, 772, A.3d (2017) (noting that constitutional protections of sixth amendment to United States constitution and article first, § 8, of state constitution do not extend to parents in neglect proceeding, which is civil proceeding).[8]

Finally, we address the defendant's arguments that § 52-577d is unconstitutionally overbroad and unconstitutionally infringes upon a property interest. "A clear and precise enactment may . . . be overbroad if in its reach it prohibits constitutionally protected conduct." *State* v. *Cook*, 287 Conn. 237, 244–45, 947 A.2d 307, cert. denied, 555 U.S. 970, 129 S. Ct. 464, 172 L Ed. 2d 328 (2008). Section 52-577d permits victims of childhood sexual abuse to bring claims against perpetrators of the abuse not later than thirty years after reaching the age of majority. The statute, as a statute of limitations, does not impact any constitutionally protected conduct. See *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 317 Conn. 412–13 ("[t]he Supreme Court [has] characterized statutes of limitations as restrictions only on that remedy, and emphasized that [the] authorities . . . show that no right is destroyed when the law restores a remedy which has been lost" [internal quotation marks omitted]). Application of the statute also does not impact any property right of the defendant. See *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 317 Conn. 412 (citing two United States Supreme Court cases that hold "that a defendant does not have a vested property right in a statute of limitations defense such that a legislative change reviving an otherwise time barred cause of action violates the defendant's rights under the due process clause of the fourteenth amendment to the United States constitution"); see also *Roberts* v. *Caton*, 224 Conn. 483, 492, 619 A.2d 844 (1993) ("[t]his court, however, has never recognized a vested right in the lapsing of a statute of limitations").

Our Supreme Court has consistently upheld the constitutionality of § 52-577d, albeit for different reasons than those presented in this case. In *Roberts* v. *Caton*, supra, 224 Conn. 494, the Supreme Court held that it was permissible to apply § 52-577d retroactively. In so holding, the court stated: "Although statutes of limitation generally operate to prevent the unexpected

enforcement of stale claims . . . one object of § 52-577d is to afford the plaintiff sufficient time to recall and come to terms with traumatic childhood events before he or she must take action. The defendant's assertion that he is now unexpectedly exposed to liability was an express purpose of the statute." (Citation omitted; footnote omitted.) Id., 493–94.

More recently, in *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 317 Conn. 405, our Supreme Court concluded: "[T]he application of § 52-577d retroactively to revive a time barred cause of action does not violate a defendant's substantive right to due process under the Connecticut constitution because it is a rational response by the legislature to the exceptional circumstances and potential for injustice faced by adults who fell victim to sexual abuse as a child."

This court has also had occasion to rule on the issue. In *Giordano* v. *Giordano*, supra, 39 Conn. App. 193, 195, this court determined that § 52-577d did not violate either the equal protection clause or the due process clause of the fourteenth amendment to the United States constitution. We also stated that "[t]he state has a legitimate interest both in deterring the sexual abuse of children and in providing a means for the victims of childhood sexual abuse to recall the traumatic events and *understand the harm done to them before seeking redress*." (Emphasis added.) Id., 193. This court consequently upheld the granting of a prejudgment remedy in the amount of $225,000. Id., 216.

We, accordingly, must reject the defendant's argument that, because the plaintiff allegedly did not repress her memories of the sexual assault, § 52-577d is unconstitutional as applied to him. We also reject the defendant's argument that this civil litigation is "quasi-criminal" in nature, and thus a civil action brought within the permitted time frame of § 52-577d implicates certain constitutional rights afforded criminal defendants. Additionally, the defendant has not, on nonconstitutional grounds in this appeal, challenged or offered proof of clear error in the court's ruling that the plaintiff has shown probable cause of obtaining a judgment against the defendant in the amount of $150,000. We thus affirm the court's judgment denying the defendant's motion to dismiss the application for a prejudgment remedy and the underlying action, and granting a prejudgment remedy in the amount of $150,000 in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to use the party's full names or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] A ruling denying a motion to dismiss is an interlocutory ruling that does not usually constitute a final judgment. *Sasso* v. *Aleshin*, 197 Conn. 87, 89–90, 495 A.2d 1066 (1985). Because we determine, however, that the

defendant's claim relating to the denial of his motion to dismiss is encompassed in the issues presented by the prejudgment remedy granted to the plaintiff, we have jurisdiction to consider the defendant's claim. See *Canty* v. *Otto*, 304 Conn. 546, 555–56, 41 A.3d 280 (2012). An order granting a prejudgment remedy after a hearing under General Statutes § 52-278d is a final judgment for purposes of appeal. General Statutes § 52-278*l*.

[2] The defendant does not dispute that the plaintiff's complaint was served on him within thirty years after she reached the age of majority.

[3] The court rejected the defendant's factual premise for this claim: "The plaintiff was four years old at the time of the assault and, although she claimed to have a memory of the assaults, the court finds that the memory is largely based on a recent reading of the events and extensive discussion with family members." Although this finding is sufficient for us to reject the claim because the defendant did not offer proof of the plaintiff's memory of the events in addition to her statements that the court did not believe to be accurate, we, nevertheless, consider it on its merits.

[4] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

[5] See U.S. Const., amend. VI; see also Conn. Const., art. 1, § 8.

[6] See U.S. Const., amend. V; see also Conn. Const. art. 1, § 8.

[7] See U.S. Const., amend. VI; see also Conn. Const., art. 1, § 8.

[8] The United States Supreme Court has stated that double jeopardy applies only to criminal punishments. See *Hudson* v. *United States*, 522 U.S. 93, 98–99, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997) ("We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all sanctions that could, in common parlance, be described as punishment. . . . The [double jeopardy] [c]lause protects only against the imposition of multiple *criminal* punishments . . . ." [Citations omitted; emphasis in original; internal quotation marks omitted.]).

Our Supreme Court has not decided whether the confrontation clause applies in civil cases, but it has noted that the right to confrontation is limited to criminal prosecutions. See *Struckman* v. *Burns*, 205 Conn. 542, 549, 534 A.2d 888 (1987) ("the right of cross-examination does have a constitutional basis in the confrontation clause of our federal and state constitutions. . . . These provisions, however, are *expressly limited to criminal prosecutions*." [Citations omitted; emphasis added.]); see also *In re Ceana R.*, supra, 177 Conn. App. 772.

Courts also have stated that the right to a speedy trial is reserved for criminal cases. See, e.g., *Caesar* v. *Sessions*, 698 Fed.Appx. 655 (2d Cir. 2017) (concluding no "colorable speedy trial claim [existed] because the Sixth Amendment does not apply in immigration proceedings, which are classified as civil rather than criminal"); *Akande* v. *Warden, Corrigan Correctional Institution*, United States District Court, Docket No. 3:08-CV-882 (AWT) 2009 WL 3838836 (D. Conn. November 16, 2009) ("[t]he right to a speedy trial . . . applies to an accused in a criminal case and does not apply to litigants in civil actions").