PATRICK P. BRIA *v.* VENTANA
CORPORATION ET AL.
(AC 17561)

Landau, Hennessy and Mihalakos, Js.

Argued February 29—officially released June 27, 2000

462

*John J. LaCava,* for the appellant (plaintiff).

*Daniel J. Klau,* with whom were *Stephen B. Harris,* and, on the brief, Peter M. Wendzel, for the appellee (defendant United Resources, Inc.).

*Opinion*

LANDAU, J. This is an appeal by the plaintiff, Patrick P. Bria, from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant United Resources, Inc. (United), on the plaintiff's claim that United tortiously interfered with his contract of employment. On appeal, the plaintiff claims that the court improperly (1) found that United did not tortiously interfere with his contract of employment with the named defendant, Ventana Corporation (Ventana), (2) failed to find that a management consultant hired by United had acted as its agent in tortiously interfering with the plaintiff's employment[1] and (3) failed to grant the plaintiff's motion to amend his complaint during trial. We affirm the judgment of the trial court.[2]

---

[1] We do not address the plaintiff's second claim because we affirm the court's judgment that United did not tortiously interfere with the plaintiff's contract of employment.

[2] The plaintiff filed a five count amended complaint, alleging in count one, breach of contract as to Ventana; in count two, tortious interference with contractual relations as to United; in count three, intentional infliction of emotional distress as to both defendants; in count four, unpaid wages as to Ventana; and in count five, breach of the covenant of good faith and fair

The court found the following facts. The plaintiff was an employee of Ventana prior to 1991 and was responsible for the finances of this relatively small company, which specialized in designing electrical energy conservation systems for large buildings. In 1991, United became interested in the energy conservation field and decided to invest funds in Ventana, which was in need of additional capital. As a prerequisite to this investment, Ventana was required to enter into employment contracts with key employees, including the plaintiff, and a written employment contract was entered into on May 8, 1991. The financial condition of Ventana, however, continued to deteriorate, and according to a provision in the debt agreement between Ventana and United, control of Ventana's board of directors was taken over by United. The newly formed board of directors hired Rosemarie Rourke to be a management consultant and to oversee the daily operations of Ventana.

In December, 1992, Rourke recommended to the president of Ventana, William Cratty, that the plaintiff be terminated for incompetence because he had not met a standard of excellence. Cratty refused and asked Rourke to work with the plaintiff concerning any perceived shortcomings. Rourke, however, did not comply with Cratty's request and a few weeks later, again recommended the plaintiff's termination. On January 30, 1993, the plaintiff was verbally terminated by Cratty in the presence of Rourke "for cause." No documentation was ever prepared describing the basis for the termination. The plaintiff thereafter commenced the present action.

dealing as to Ventana. The court during trial dismissed the third count and subsequently found in favor of the plaintiff as to counts one and five, and in favor of United and Ventana as to counts two and four, respectively. The court also found in favor of the plaintiff as to two counterclaims Ventana had filed. On appeal, the plaintiff challenges the court's judgment in favor of United on count two.

I

In his first claim, the plaintiff asserts that the trial court improperly found that Rourke had not acted with an "improper motive" and did not use "improper means" in recommending the plaintiff's termination. We disagree.

"This court has long recognized a cause of action for tortious interference with contract rights or other business relations. . . . While our cases have not focused with particularity on what acts of interference are tortious, we have made it clear that not every act that disturbs a contract or business expectancy is actionable. . . . [F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . . *Blake* v. *Levy*, 191 Conn. 257, 260–61, 464 A.2d 52 (1983). In *Blake*, we also determined that [i]n an action for intentional interference with business relations . . . the better reasoned approach requires the plaintiff to plead and prove at least some improper motive or improper means." (Citations omitted; internal quotation marks omitted.) *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 279, 464 A.2d 57 (1983).

In the second count of the plaintiff's amended complaint, he alleged that United tortiously interfered with his employment contract with Ventana in that Rourke, acting as the agent of United, caused him to be terminated by Ventana in an attempt to save Ventana the cost and expense of the plaintiff's salary.

In its memorandum of decision, the court found that the plaintiff failed to sustain his burden of proving that his firing was improperly motivated by a wish to save the expenses of his employment. The plaintiff had intro-

duced documentation to the effect that the company intended to "slim down by four or five people" and had "identified eight candidates with a total payroll amounting [to] up to $400,000." The court found that the eight candidates never were identified and that it would be only surmise or conjecture to conclude that the plaintiff was one of the four or five individuals who were the subject of Ventana's intention to "slim down" its operations. The court further found that the hiring of a replacement for the plaintiff at a lower salary did not make it more probable than not that the motive for the plaintiff's firing was to save money. Although the court found that Rourke wrongfully had expected a higher standard of performance from the plaintiff than was required under his employment contract, this was relevant to the breach of contract claim, not to the tortious interference claim. Because the plaintiff failed to prove that he was terminated for cost cutting reasons as alleged in his amended complaint, the court rendered judgment in favor of United on the second count.

In an articulation, the court discussed certain of the findings of fact in its memorandum of decision. The court reiterated that the actions of Rourke were motivated by her expectation of a higher standard of performance than was required under the plaintiff's contract rather than by some improper means, as is required to establish liability under a tortious interference theory. The court concluded that while Rourke certainly persuaded Cratty to discharge the plaintiff for his shortcomings as she perceived them, the plaintiff failed to sustain his burden of proof that her actions were "wrongful by some measure beyond the fact of the interference itself." (Internal quotation marks omitted.) *Blake* v. *Levy,* supra, 191 Conn. 262.

Unhappy with the trial court's adverse factual findings, the plaintiff invites this court to abandon its appellate function, assume the role of trier of fact and find

that Rourke acted tortiously. It is well settled that we do not find facts. *Fukelman* v. *Middletown*, 4 Conn. App. 30, 31, 492 A.2d 214 (1985). Traditionally, questions of fact are subject to appellate review under the clearly erroneous standard. *Citicorp Mortgage, Inc.* v. *Weinstein*, 52 Conn. App. 348, 358, 727 A.2d 720 (1999). We will not overturn the trial court's factual findings unless, after a review of the entire record, we are left with a "definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Weisman* v. *Kaspar*, 233 Conn. 531, 541, 661 A.2d 530 (1995).

The plaintiff premised his appeal on the proposition that the court unduly restricted the scope of what constitutes wrongful conduct for the purpose of a tortious interference claim. Our careful and complete review of the entire record leads us to conclude that the court appropriately considered every type of improper motive or means that the plaintiff asked it to consider. We conclude that the court's factual findings were not clearly erroneous.

II

The plaintiff's final argument is that the court improperly exercised its discretion in denying his motion, filed in the midst of trial, to amend his complaint. In the proposed amended complaint, the plaintiff alleged that United was directly liable for Ventana's breach of his employment contract under an "alter ego" theory.

Although the plaintiff correctly notes that this claim is reviewed under an abuse of discretion standard; see *Roberto* v. *Honeywell, Inc.*, 33 Conn. App. 619, 624, 637 A.2d 405, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994); we fail to find any articulation by the trial court of any reasons for its denial of the plaintiff's motion to amend his complaint during trial. As the appellant, it is the plaintiff's burden to provide an adequate record

on appeal; *Gladstone, Schwartz, Baroff & Blum* v. *Hovhannissian*, 53 Conn. App. 122, 127, 728 A.2d 1140 (1999); and he has failed to sustain that burden. Without an articulation of the trial court's reasoning, we can only guess or surmise the grounds for its conclusion. This we will not do. We therefore decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.