TOWN OF BRANFORD *v.* LINDA A. VAN ECK ET AL.
(AC 25019)

DiPentima, McLachlan and Hennessy, Js.

Argued September 22—officially released December 14, 2004

*Patrick W. Boatman*, with whom, on the brief, was *John H. Grasso*, for the appellant (defendant Jan Van Eck).

*Michael J. Whalen*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. In this action to foreclose a municipal tax lien, the defendant Jan Van Eck[1] appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, the town of Branford. He claims on appeal that the court improperly granted the plaintiff's motion for judgment because (1) the plaintiff incorrectly certified service of its motion for judgment of foreclosure by sale (2) the plaintiff failed to make adequate abode service of process on the defendant's wife, Linda A. Van Eck, and (3) the first mortgagee had not been made a party to the action. We affirm the judgment of the trial court.

The plaintiff initiated this action in October, 2002, to foreclose a tax lien on a condominium located at 7 Jerimoth Drive in Branford, which was owned by the defendant and his wife. The defendant claims that the plaintiff knew that the subject condominium had at all relevant times been vacant and, thus, he and his wife did not properly receive abode service at 7 Jerimoth Drive when the summons and complaint were served at that address. Nevertheless, the defendant filed a pro se appearance in December, 2002, giving as his address a post office box in East Haven. In January, 2003, the

---

[1] The named defendant, Linda A. Van Eck, and alleged interest holders, New Haven Savings Bank, Yale-New Haven Hospital and Watch Hill Condominium Association, were also named as defendants. Only defendant Jan Van Eck has appealed, and we refer to him as the defendant in this opinion.

plaintiff filed a motion for a finding of actual notice. There is no record that the court acted on that motion. The record is clear, however, that the court denied the defendant's motion to dismiss for inadequate service of process on February 10, 2003. Because Linda Van Eck had not entered an appearance, the court granted the plaintiff's motion to default her on January 21, 2003.

The plaintiff was able to find an address for the defendant at 494 Thompson Avenue in East Haven. The plaintiff sent pleadings to that address and the subject condominium rather than to the address that the defendant had provided on his appearance form. The plaintiff's October 3, 2003 motion for default for failure to plead was denied on October 9, 2003, for failure to certify service to the defendant's East Haven post office box listed on his appearance form.

The plaintiff again filed a motion for default for failure to plead on Friday, November 21, 2003, this time correctly certifying service to the defendant at the East Haven post office box listed on the defendant's appearance form.[2] The clerk granted the motion the same day. On the following Monday, November 24, 2003, the court rendered judgment for the plaintiff in the amount of $36,962.37 plus $3000 in attorney's fees and ordered a foreclosure by sale. Prior to that date, the court had not acted on the October 3, 2003 motion for judgment of foreclosure by sale, which the plaintiff had filed with the same defect in service as the October 3, 2003 motion to default. The defendant was not present at the hearing during which the court granted the plaintiff's motion for judgment. Thereafter, the defendant initiated this appeal and retained counsel.

I

The defendant first claims that the court improperly rendered a judgment of foreclosure by sale because

---

[2] The plaintiff also certified service to Linda Van Eck at the Jerimoth Drive and Thompson Avenue addresses.

service of the motion for judgment was not certified to the defendant at the address listed on his pro se appearance form. We conclude that this error by the plaintiff did not harm the defendant, and therefore we disagree with the defendant.

Initially, we note that we do not condone the actions of the plaintiff's counsel. The defendant filed a pro se appearance in which he gave an address to which all pleadings were to be sent. The plaintiff, however, failed to mail several subsequent pleadings to that address, electing instead to mail those pleadings to the vacant subject property and to the defendant's putative home address. The court correctly denied the plaintiff's October 3, 2003 motion to default the defendant due to the plaintiff's failure to certify service to the defendant at his address of record. Thereafter, the plaintiff certified service of the November 21, 2003 motion for default to the defendant at the proper address, and the clerk granted the motion. On the next business day, the plaintiff asked the court to render judgment in its favor. The record does not indicate whether the defendant received notice of the default mailed on November 21, 2003, before the court rendered judgment on November 24, 2003. Regardless, we do not condone this rush to the courthouse.

There is, however, no cause to reverse the court's judgment. Practice Book § 17-33 (b) allows a court to render judgment in a foreclosure proceeding "at or after the time it renders the default . . . ." Accordingly, because the plaintiff was not required to wait the three days to seek judgment, the defendant was not harmed by the plaintiff's failure to certify service of the motion for judgment to the defendant at the East Haven post office box. Furthermore, the defendant does not claim that he did not receive actual notice of the motion for judgment when it was sent to the Thompson Avenue and Jerimoth Drive addresses in October, 2003, nor

does he deny that the Thompson Avenue address is his correct home address. The defendant also does not claim that he did not receive the court's notice that the motion for judgment was assigned for a hearing on November 24, 2003. The defendant's brief cites no authority, nor can we find any, supporting the proposition that incorrect certification of service is a fatal defect in a pleading where the party receives actual notice.[3]

## II

The defendant next claims that the court improperly rendered judgment because the plaintiff failed to serve process properly on Linda Van Eck. As previously noted, Linda Van Eck was defaulted for failure to appear. She is not a party to this appeal and we therefore do not address the merits of this argument. The defendant cannot assert his wife's rights in order to escape the court's judgment as to him. The defendant did not, nor could he, represent his wife as counsel when he filed his pro se appearance, and the defendant's counsel does not represent her in this appeal. If Linda Van Eck desired review of the judgment, she should have filed a motion to open on her own behalf.

## III

Finally, the defendant claims that judgment was not rendered properly because the alleged first mortgagee, A. M. Ayers & Co., was not made a party to the action. This claim is not properly before this court because the alleged first mortgage is not included in the record. It

---

[3] The defendant abandoned a related claim at oral argument. He had claimed that pursuant to Practice Book § 17-32 (b) the court was required to wait fifteen days after rendering a default to enter judgment. In fact, Practice Book § 17-33 (b) controls this situation. It provides in relevant part that "the judicial authority, at or after the time it renders the default, notwithstanding Section 17-32 (b), may also render judgment in foreclosure cases . . . ." See *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 666–67, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004).

is axiomatic that this court does not find facts. See, e.g., *Bria* v. *Ventana Corp.*, 58 Conn. App. 461, 466, 755 A.2d 239 (2000). In order for this court to reach the merits of the defendant's argument, he had to preserve this claim by at least objecting to the plaintiff's failure to name the mortgagee as a defendant or by filing a motion to join the mortgagee as a defendant. He failed to do so.

The judgment is affirmed.

In this opinion the other judges concurred.