******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SAMUEL KEARSE *v.* PRISCILLA B. TAYLOR ET AL.
(AC 38031)

Lavine, Alvord and Sheldon, Js.

*Argued April 13—officially released May 31, 2016*

(Appeal from Superior Court, judicial district of New Haven, Hon. John C. Flanagan, judge trial referee.)

*Robert M. Singer*, for the appellants (defendants).

*Jeremy C. Virgil*, with whom, on the brief, was *Michael S. Samsel*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants, Priscilla B. Taylor and John Nicolas Tieman, temporary administrator of the estate of Paul Bradley Taylor, Jr.,[1] appeal from the trial court's denial of their motion to open a default judgment rendered after a hearing in damages. On appeal, the defendants claim that the court improperly denied their motion as untimely because the court failed to send them notice that a default judgment had been rendered against them. We reverse the judgment of the trial court and remand the case for further proceedings.

The record reveals the following relevant factual and procedural history. On January 17, 2007, the plaintiff suffered severe burn injuries while a tenant at the New Haven apartment building owned by the defendants. On December 1, 2008, he commenced the present action against the defendants, alleging that he was relighting a gas stove for purposes of generating heat for his dwelling when his clothing caught fire. He alleged that the defendants were liable for the injuries he sustained because they knew the apartment building was not adequately heated and they failed to maintain and repair the premises. On December 19, 2008, Attorney Patricia A. Cofrancesco filed an appearance on behalf of the defendants. On July 29, 2009, Attorney Howard A. Lawrence filed an appearance on behalf of the defendants in lieu of Attorney Cofrancesco's appearance.

While the action was pending, the plaintiff filed an application for a prejudgment remedy against Priscilla Taylor, which was granted by the court, *A. Robinson, J.*, on January 24, 2012, in the amount of $2 million.[2] On March 20, 2012, the plaintiff filed a motion to default the defendants for failure to disclose assets to satisfy the prejudgment remedy and for failure to plead. Judge Robinson granted the plaintiff's motion, absent objection, on April 16, 2012. On July 27, 2012, apparently unbeknownst to the parties or the plaintiff's counsel, Lawrence was placed on inactive status[3] for an indefinite period by the court, *Silbert, J.*, in *Disciplinary Counsel* v. *Lawrence*, Superior Court, Judicial District of New Haven, Docket No. CV-12-6028710-S (2012). In that order, the court appointed "Attorney Michael Moskowitz . . . as Trustee to inventory Mr. Lawrence's files and protect the interests of Mr. Lawrence and of his clients."

On September 20, 2012, which was approximately two months after Lawrence had been placed on inactive status, the plaintiff filed a motion for the court to render a judgment on the default entered on April 16, 2012, and a request for a hearing in damages. The plaintiff certified that he sent a copy of that motion and request to Lawrence. No notice was sent to the individual defendants. Judge Robinson granted the motion for judgment on the default on October 22, 2012. A court-generated

notice of the ruling was sent to all counsel of record. At that time, the court file showed Lawrence as the defendants' attorney of record even though he had been placed on inactive status. Accordingly, notice was sent to Lawrence.

A hearing in damages was scheduled for November 28, 2012. On November 27, 2012, the plaintiff filed exhibits for the hearing, including the plaintiff's affidavit, photographs of the plaintiff at the hospital and during recovery, a medical bill summary, and 369 pages of medical records. At the outset of the hearing in damages, the court, *Hon. John C. Flanagan*, judge trial referee, expressly acknowledged the absence of Lawrence and the defendants. In response, the court clerk informed the court that Lawrence's juris number was inactive. The court then stated: "Well, I happen to know from a collateral issue that his right to practice was suspended by Judge Silbert. He did not disbar him, but he simply suspended his right to practice law until some medical issues have been resolved. . . . Oh, and incidentally, also I learned that another individual had been appointed trustee." The court asked the clerk whether Lawrence had ever withdrawn his appearance for the defendants, and the clerk responded "no." The court noted that there was no evidence in the file that Lawrence had referred this matter to any other attorney to represent the defendants. The court then stated that it had concerns: "The lawyer [Lawrence] did appear in the case and the lawyer has never filed a motion to withdraw his appearance, so he is still the counsel of record and it disturbs me a little bit that the defendants are not presently here to defend the matter in any way."

Nevertheless, because the defendants had been defaulted, so that liability was not an issue, the court decided to proceed with the hearing in damages.[4] "On the other hand, I do have the information which consists primarily of representations by the attorney representing the plaintiff, so it would seem to me, that fact coupled with the historical series of events with respect to the liability portion of the case would leave me to believe that it's an order of the court at this time to make a finding with respect to the amount of money that would represent a fair, just and reasonable compensation for the injuries and losses the plaintiff has sustained." The court thereafter referred to the medical bills and the "emotional impact" of the injuries on the plaintiff, and rendered a judgment in favor of the plaintiff in the amount of $2,841,914.84.[5] On the "order" reflecting the November 28, 2012 judgment after a hearing in damages, it was noted that counsel for the plaintiff had been present at the time the judgment was rendered, that a court-generated notice of the judgment had been issued on December 3, 2012, to all counsel of record, and that a "copy of [the] judgment [was] mailed to Mike Moscowitz (sic), trustee, on 12/3/12."[6]

On March 27, 2015, the defendants' current counsel filed an appearance on behalf of the defendants in lieu of Lawrence's July, 2009 appearance. On that same date, the defendants filed a motion to open the November 28, 2012 default judgment. In that motion, the defendants claimed that they never received notice that the judgment had been rendered and that they had a good and valid defense to the action. With respect to their defense, the defendants claimed that "the ambulance report and hospital records submitted to the court indicate that the plaintiff set himself on fire thereby attempting suicide, causing his own injuries."[7] In support of their motion, the defendants filed a memorandum of law and attached copies of various pages from the medical reports. The plaintiff filed an objection to the defendants' motion, arguing that the motion was untimely because it had not been filed within four months of the date that they received notice of the default judgment. In support of his objection, the plaintiff filed his attorney's affidavit, copies of pleadings and court orders in the file, and copies of documents filed in the bankruptcy court in connection with a chapter 13 bankruptcy petition filed by Priscilla Taylor in 2013. Thereafter, both parties filed supplemental replies to support their respective positions.

On April 28, 2015, the defendants filed a request for oral argument and the opportunity to present testimony with respect to their motion to open the judgment. That request was denied, no hearing was held, and Judge Flanagan issued his ruling on May 21, 2015, denying the defendants' motion to open the judgment without explanation. The defendants filed an appeal from the court's judgment on June 5, 2015, which they amended on June 8, 2015, to correct the name of the defendant from Patricia Taylor to Priscilla Taylor. On June 9, 2015, the defendants filed an additional appeal form that, this time, showed the payment of an entry fee and the court clerk's signature and date.

On June 29, 2015, the court issued a memorandum of decision that provided the reasons for its denial of the defendants' motion to open the judgment. The court noted that the notice of the default judgment had been sent to Moskowitz, the trustee for Lawrence, and that the defendants' motion was not filed within the four month period required by Practice Book § 17-43.[8] The defendants filed a motion for articulation with this court on July 6, 2015, requesting that the trial court clarify the last paragraph in its memorandum of decision. The trial court scheduled the motion for argument on July 29, 2015. By memorandum of decision dated July 31, 2015, the trial court provided the following articulation: "The court heard oral arguments on July 29, 2015. Judgment entered on November 28, 2012. The original attorney's right to practice law was suspended. Attorney Moscowitz (sic) was appointed trustee for Attorney

Lawrence. Copy of Judgment was mailed to Mike Moscowitz (sic), Trustee on December 3, 2012 (see attached order). No notice was sent to the defendants."

On appeal, the defendants claim that the court's memoranda of decision indicate that the court improperly considered the notice sent to Moskowitz to be the requisite notice of the default judgment to the defendants and, therefore, improperly determined that the defendants' motion to open the judgment was untimely because it was not filed within the four month period required by Practice Book § 17-43.[9] Specifically, the defendants argue that Lawrence, being on inactive status, was no longer representing them and that Moskowitz, although the trustee for Lawrence, never filed an appearance on behalf of the defendants and did not represent them.[10] The defendants claim that they were unrepresented since July 27, 2012, and that no notice of the default judgment had been sent to them individually. Accordingly, it is their position that the four month deadline for filing a motion to open the judgment never commenced.

We begin with the legal principles that guide our analysis of the defendants' claim. While courts have an inherent power to open, correct and modify judgments, the duration of this power is restricted by rule of practice. Practice Book § 17-43.[11] In deciding whether a motion to open a judgment is timely, a court must determine whether it was filed within four months of the date that the notice of the default judgment was sent to the party in default. See *Johnson* v. *Atlantic Health Services*, *P.C.*, 83 Conn. App. 268, 276, 849 A.2d 853 (2004). "A ruling on a timely filed motion to open is within the trial court's discretion, and appellate review is limited to whether the court has acted unreasonably or in abuse of its discretion. . . . Whether a party has been given notice is a question of fact . . . ." (Citations omitted.) *Batory* v. *Bajor*, 22 Conn. App. 4, 8–9, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). Accordingly, in the present case, we review the trial court's finding that notice properly was given to the defendants under the clearly erroneous standard of review. Id., 9.

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Noroton Properties*, *LLC* v. *Lawendy*, 154 Conn. App. 367, 378, 107 A.3d 980 (2014). In the present case, the court concluded that the motion to open was not timely filed because more than four months had passed since the date that notice of the default judgment had been sent to Moskowitz, as trustee for Lawrence. This finding is clearly erroneous because Lawrence was not able to practice law while

he was placed on inactive status, Moskowitz had not filed an appearance on behalf of the defendants and was not representing them, and no notice of the default judgment was sent by the court to the individual defendants. The defendants were unrepresented at the time the default judgment was rendered, yet they were not sent notice that they were liable for a $2.8 million judgment in favor of the plaintiff.

Notice of the judgment must be sent to the defaulting party in order to determine the date that commences the four month period within which that party may file a motion to open the judgment. "[T]he right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. . . . Where the defendants have not received notice of the default judgment . . . the time within which they may move to set aside the judgment is extended by the delay in notification." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Atlantic Health Services, P. C.*, supra, 83 Conn. App. 276–77.

The plaintiff argues that the trial court could have determined that the defendants received actual notice of the default judgment through the various documents filed in Priscilla Taylor's federal bankruptcy proceedings. He claims that the dates on those bankruptcy documents clearly demonstrate that the defendants were made aware of the default judgment more than four months prior to the filing of the motion to open, thereby making the motion untimely. That argument was made before the trial court and copies of the documents were submitted to the court. The defendants responded that none of the referenced documents provided them with the requisite notice, and they provided reasons for discounting the plaintiff's argument. Even though the parties briefed the issue of the bankruptcy court filings, the trial court made no mention whatsoever of those documents in its June 29, 2015 memorandum of decision or in its July 31, 2015 articulation. There are no factual findings by the trial court with respect to the plaintiff's claim. The only factual determination made by the court was that notice of the default judgment had been sent to Moskowitz as the trustee for Lawrence on December 3, 2012. For the reasons previously discussed, notice to Moskowitz was insufficient notice to the individual defendants.

The issue of whether the defendants received notice of the rendering of the default judgment, and, if so, when they received that notice, is a question of fact for the factfinder. "It is well settled that we do not find facts." *Bria* v. *Ventana Corp.*, 58 Conn. App. 461, 466, 755 A.2d 239 (2000); see also *Multilingual Consultant Associates, LLC* v. *Ngoh*, 163 Conn. App. 725, 737, A.3d (2016). We, therefore, cannot make that determination.

The only basis provided for the trial court's conclusion that the defendants' motion to open the judgment was untimely was its factual finding that notice had been given to the defendants because it had been sent to Moskowitz on December 3, 2012; that determination was clearly erroneous. In order to reach the merits of the defendants' claims in their motion, the factfinder must first determine at an evidentiary hearing whether the defendants received notice of the default judgment and, if so, on what date they received such notice. The court would then determine whether their motion was timely filed. If the court determines that the defendants' motion to open the judgment was untimely, then it must deny that motion. If, however, the court concludes that the defendants' motion to open was timely filed, then it must reach the merits of the defendants' motion. See *Noethe* v. *Noethe*, 18 Conn. App. 589, 596, 559 A.2d 1149 (1989). Accordingly, we conclude that this matter must be remanded to the trial court for that purpose.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

[1] This action initially was commenced against Priscilla B. Taylor and her husband, Paul Bradley Taylor, Jr., who died in February, 2009. The plaintiff thereafter moved to substitute the temporary administrator of his estate in place of the deceased. The court, *Silbert, J.*, granted the motion to substitute the temporary administrator as a party defendant on January 20, 2011.

[2] The court's order noted that Priscilla Taylor did not appear at the hearing on the application for the prejudgment remedy.

[3] Practice Book § 2-56 provides in relevant part: "During the time an order placing an attorney on inactive status is in effect, such attorney shall be precluded from practicing law. . . ."

[4] Practice Book § 17-34 (a) provides: "In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense."

[5] In the plaintiff's affidavit filed with the court for its consideration at the hearing in damages, the plaintiff averred that his medical bills through April 27, 2007, totaled $841,914.84. The court added $2 million to that amount, for a total award of $2,841,914.84. In his affidavit, the plaintiff had requested compensation in the amount of $50 million as fair, just and reasonable damages.

[6] At oral argument before this court, the parties' counsel were of the impression that the court knew Moskowitz had been appointed the trustee for Lawrence's files and that the court ordered notice of the judgment to be mailed to Moskowitz during the hearing in damages. The transcript of November 28, 2012, however, reflects that the court was aware that a trustee had been appointed, but there was no mention of Moskowitz' name or an order of the court to mail a copy of the judgment to Moskowitz. Nevertheless, the order itself does provide that a copy of the judgment was mailed to Moskowitz on December 3, 2012.

[7] In the medical records submitted by the plaintiff to the court for the hearing in damages, there are several pages with notations that the plaintiff's injuries were self-inflicted. For example, in the ambulance trip report is the statement that the plaintiff doused himself with kerosene and ignited himself on fire. On the ambulance report transfer form, under the history of present illness, is the statement that the plaintiff had self-inflicted burns caused by dousing himself with kerosene and then lighting himself on fire. That form further indicates that the plaintiff was depressed over the recent loss of a

sibling. Similar notations appear on the Yale-New Haven Hospital progress notes and the Bridgeport Hospital operative report and discharge summary. Months later, it appears that the plaintiff reported to some of his health care providers that the incident was accidental in nature, although other providers continued to characterize the incident as an attempted suicide.

[8] The court's June 29, 2015 memorandum of decision states in its entirety: "The instant case which has been pending since 2008 came to the attention of several judges over the years before it was assigned to this court as a hearing in damages on November 28, 2012.

"Following an evidential hearing judgment in favor of the plaintiff was entered on said date. The instant motion to open the judgment was not filed until March 27, 2015 which was untimely as it was well beyond the four month limitation articulated in Connecticut Practice Book 17-43.

"The thrust of the defendants' reason for failure to comply with the four month time limitation is they lacked notice of the judgment.

"According to the clerk notice of the judgment was sent to Attorney Moskowitz, trustee for Attorney Lawrence, on December 3, 2012 whereas noted above the motion to open judgment was far beyond time prescribed by the Connecticut Practice Book.

"Motion to open judgment is denied."

[9] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months *succeeding the date on which notice was sent*, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ." (Emphasis added.)

[10] It is *undisputed* that Moskowitz never filed an appearance on behalf on the defendants in this action.

[11] Practice Book § 17-43, formerly Practice Book § 377, which sets forth the rule for opening judgments on default, was amended on June 21, 1996, to take effect October 1, 1996. Prior to that amendment, Practice Book (1978) § 377 provided in relevant part that "[a]ny judgment rendered . . . upon a default or nonsuit may be set aside within four months *succeeding the date on which it was rendered* . . . ." (Emphasis added.) Practice Book § 17-43 now provides that "[a]ny judgment rendered . . . upon a default or nonsuit may be set aside within four months *succeeding the date on which notice was sent* . . . ." (Emphasis added.) See *Johnson* v. *Atlantic Health Services*, *P.C.*, 83 Conn. App. 268, 275 n.3, 849 A.2d 853 (2004).