******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY *v.*
DAWN FRITZELL ET AL.
(AC 38555)

DiPentima, C. J., and Alvord and Bear, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property
owned by the defendant. The trial court granted the plaintiff's motion
for a judgment of strict foreclosure and rendered judgment thereon.
Notice of the filing of the plaintiff's motion for a judgment of strict
foreclosure and the court's judgment of strict foreclosure were sent to
an address that the defendant had provided on an appearance form he
filed with the clerk's office. Because no party exercised its right to
redemption, title to the property subject to the foreclosure vested in
the plaintiff. Thereafter, the defendant filed a motion to open the judg-
ment and extend the law days, claiming that he did not receive notice
of the plaintiff's motion for a judgment of strict foreclosure or of the
court's judgment because he no longer lived at the address that he had
provided on the appearance form. The defendant did not file a new
appearance form reflecting his change of address. The trial court denied
the defendant's motion to open, finding that the defendant received the
process he was due because the plaintiff and the court properly sent
notice to the address provided by the defendant. On the defendant's
appeal to this court, *held* that because notices of the plaintiff's motion
and the court's judgment were sent to the address that the defendant
provided on his appearance form, the trial court properly concluded
that the defendant received the notice he was due, and, consequently,
title to the subject property vested absolutely in the plaintiff following
the passing of the law days; accordingly, the defendant's motion to open
was moot when it was filed approximately two months after the vesting
of title, as there was no practical relief that the trial court could have
granted the defendant at that time, and, therefore, the court should have
dismissed the motion to open as moot instead of denying it.

Argued September 7—officially released November 6, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the
defendant's real property, and for other relief, brought
to the Superior Court in the judicial district of New
Haven, where the court, *Maronich, J.*, granted the plain-
tiff's motion for summary judgment as to liability; there-
after, the court, *Ecker, J.*, granted the plaintiff's second
motion for judgment of strict foreclosure and rendered
judgment thereon; subsequently, the court, *Ecker, J.*,
denied the defendant's motion to open the judgment,
and the defendant appealed to this court. *Improper
form of judgment; judgment directed.*

*Clifford D. Fritzell, III*, self-represented, the appel-
lant (defendant).

*Victoria L. Forcella*, with whom, on the brief, was
*S. Bruce Fair*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, Clifford D. Fritzell, III,[1] appeals from the trial court's denial of his motion to open the judgment of strict foreclosure rendered in favor of the plaintiff, Deutsche Bank National Trust Company.[2] On appeal, the defendant claims that the trial court (1) erroneously denied his motion to open (2) erred by failing to vacate its order setting the law days for February 17 and 18, 2015 (3) improperly placed the burden on him to demonstrate lack of notice of the plaintiff's motion for judgment of strict foreclosure and (4) erred by penalizing him for being a former attorney. The first two claims involve the defendant's central argument that, contrary to the conclusion of the trial court, notice of the plaintiff's motion for judgment of strict foreclosure and the court's judgment of foreclosure sent to the address the defendant had provided on his appearance form did not sufficiently notify him of the proceedings against him. We agree with the court that the defendant received the notice to which he was entitled, but conclude that because there was no practical relief available to the defendant, the court should have dismissed the motion to open instead of denying it.

The following facts and procedural history are relevant to our resolution of the defendant's claims on appeal. In August, 2011, the plaintiff commenced the underlying action to foreclose a mortgage on certain real property located at 282 North High Street in East Haven. The plaintiff filed a motion for judgment of strict foreclosure on December 13, 2011, which was granted on January 3, 2012. According to the defendant, service of process and notice of the judgment were mistakenly sent to the address of the defendant's father, who shares the same name as the defendant. The defendant represents that he subsequently learned of the foreclosure action and judgment from his father. The defendant filed a motion to open the judgment on February 21, 2012. This motion was heard and granted on March 12, 2012.

On March 12, 2012, the defendant filed an appearance with the court, providing his address as 131 Mulberry Point Road in Guilford. On March 26, the defendant filed a motion to dismiss the action, arguing that he was not served at his address. On April 10, the plaintiff filed an objection to the defendant's motion to dismiss, arguing, inter alia, that the defendant received actual notice. On April 11, the plaintiff filed a motion to cite in the defendant, stating that the defendant may not have been properly served. The court granted the motion to cite in the defendant on April 26, and the summons and complaint were served on the defendant at 131 Mulberry Point Road in Guilford. On April 30, the court denied the defendant's motion to dismiss.[3]

On February 1, 2013, the plaintiff filed a motion for

summary judgment as to liability, which was granted on April 22, 2013. On December 12, 2014, the plaintiff filed a second motion for judgment of strict foreclosure. On January 6, 2015, the court granted the plaintiff's motion and rendered a judgment of strict foreclosure, setting the law days for February 17 and 18, 2015. On February 19, 2015, because no party exercised its right to redemption, title to the property subject to the foreclosure vested in the plaintiff.

Notice of both the filing of the plaintiff's motion for judgment of strict foreclosure and the court's judgment were sent to 131 Mulberry Point Road in Guilford, the address that the defendant had provided on the appearance form he filed with the clerk of court. The defendant represents, however, that he no longer lived at 131 Mulberry Point Road in Guilford. The defendant provided that, in August, 2013, he had moved to the property subject to the foreclosure, located at 282 North High Street in East Haven. He did not file a new appearance form reflecting this change of address.

The defendant claims that he became aware of the judgment of strict foreclosure in March, 2015, through his wife, who "perus[ed] the case activity periodically." On April 7, the defendant filed a motion to open the judgment and extend the law days. On May 26, the trial court, *Ecker*, *J.*, held a hearing on the defendant's motion to open the judgment. During the hearing, the defendant claimed that he did not receive notice of the plaintiff's motion for judgment of strict foreclosure or notice of the court's judgment of strict foreclosure. In addition, he argued that if he had received notice, he could have transferred the mortgage to his wife. The plaintiff argued that its pleadings, as certified in the certification page, and the court's notice were sent to the defendant's address of record with the court at the time. In response, the defendant argued that he had been sending the plaintiff correspondence from an address in Old Saybrook, and therefore, the plaintiff knew that the defendant was living at a different address than the address he provided on his appearance form.

At the conclusion of the hearing, the court issued an oral ruling denying the defendant's motion. The court found that the defendant received the process he was due. It explained that, because the defendant filed an appearance with the court, providing his address as 131 Mulberry Point Road in Guilford, the plaintiff and the court were entitled to rely on it. At the hearing, when discussing that the defendant should have filed an updated appearance form indicating his new address, the court stated: "[Y]ou're a lawyer, you should know better." The court concluded that, because notices of the plaintiff's motion and the court's judgment were sent to the address the defendant provided, the defendant received sufficient notification of the proceedings. This appeal followed.

The plaintiff asserts that this court should dismiss this appeal for mootness because the defendant no longer has any legal interest in the property. The crux of the claim is that title in the plaintiff became absolute following the passing of the law days without redemption by any defendant, and that date having passed before the defendant filed his motion to open, the defendant can no longer be provided with practical relief.[4] *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 434–35, 21 A.3d 853 (2011) ("It is a general rule that a judgment of strict foreclosure ordinarily cannot be opened after the law day has passed . . . . Once title has vested, no practical relief is available." [Internal quotation marks omitted]).

"Because [m]ootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for [it] to resolve . . . ordinarily, we would be required to address that issue first, before considering the merits of [an] appeal. This is so because [i]t is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citation omitted; internal quotation marks omitted.) *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 575, 953 A.2d 868 (2008).

In this case, however, as in *Argent Mortgage Co., LLC*,[5] the issue of mootness is "inextricably intertwined"; id.; with the issue raised by the defendant on appeal, namely, whether the trial court improperly denied his motion to open despite his claim that he did not receive notice of the judgment and therefore could not exercise his right of redemption. In other words, our determination of whether the defendant can be granted any practical relief depends on whether the defendant was given the notice to which he was entitled when judgment was entered against him, or whether the judgment violated the defendant's right to due process. We therefore turn to that issue.

The defendant claims that the court should have opened the judgment of strict foreclosure because he did not receive sufficient notice of the judgment and, therefore, could not exercise his right of redemption.[6] He argues that the notice provided was insufficient to satisfy due process. We disagree.

"[D]ue process does not require that a property owner receive actual notice" of an action before being deprived of his or her property. *Cornelius* v. *Rosario*, 138 Conn. App. 1, 14, 51 A.3d 1144, cert. denied, 307 Conn. 934, 56 A.3d 713 (2012), cert. denied sub nom. *Cornelius* v. *Nelson*, U.S. , 134 S. Ct. 386, 187 L. Ed. 2d 28 (2013). "Rather, we have stated that due process requires the government to provide notice reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Internal quotation marks omitted.) Id.

The defendant was entitled to notice of the plaintiff's motion for judgment of strict foreclosure as well as notice of the court's judgment.[7] The defendant does not challenge the fact that notices of both the motion and judgment were sent to the address he provided on his appearance form.[8] The appearance form filed by the defendant contained the following notice to self-represented parties: "A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below . . . I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below." Thus, the form explicitly informs the filer of his or her obligation to give notice of each new address.

Sending notice to the defendant's address as listed on his appearance form provided the defendant with the process that he was due. Although the defendant claims that he did not receive actual notice of the judgment until after the passing of the law days, the notices sent in compliance with the rules of practice reasonably were calculated to notify the defendant of the action, which is what due process requires. See *Cornelius* v. *Rosario*, supra, 138 Conn. App. 14.

The defendant filed an appearance providing his address as 131 Mulberry Point Road in Guilford, the address to which the notice was sent.[9] The defendant himself concedes that "[t]he purpose of [the appearance form] is to make the other parties aware of how to contact . . . one another." Here, by filing the appearance and providing 131 Mulberry Point Road in Guilford as his address, the defendant was notifying the court and the plaintiff that he wanted to be contacted at that address.[10] See Practice Book § 3-7 (b). Thus, notices sent to that address reasonably were calculated to notify the defendant of the action, and therefore the court did not deprive the defendant of due process.

In summary, because notices of the plaintiff's motion and the court's judgment were sent to the address that the defendant provided on his appearance form, the court properly concluded that the defendant received the notice he was due. Consequently, title to the 282 North High Street property vested absolutely in the plaintiff on February 19, 2015, following the passing of the law days. In light of that fact, the defendant's motion to open was moot when it was filed on April 7, 2015, approximately two months after the vesting of title,

because there was no practical relief that the trial court could have granted the defendant at that time. See *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 581–582 (after title had vested absolutely in plaintiff, court should have dismissed, rather than denied, late motion to open); see also *Citigroup Global Markets Realty Corp.* v. *Christiansen*, 163 Conn. App. 635, 640, 137 A.3d 76 (2016) (same). Accordingly, instead of denying the defendant's motion to open, the trial court should have dismissed it as moot.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to dismiss the defendant's motion to open the judgment of strict foreclosure as moot.

In this opinion the other judges concurred.

[1] Dawn Fritzell and Hospital of Saint Raphael were named as defendants in this action, but they are not participating in this appeal. Therefore, all references in this opinion to the defendant are to Clifford D. Fritzell, III.

[2] The plaintiff is acting as trustee for New Century Home Equity Loan Trust 2005-2.

[3] The defendant does not challenge service of process on appeal.

[4] The plaintiff claims that title to the property in question became absolute in the plaintiff approximately two months before the defendant filed his motion to open, which precludes resorting to General Statutes § 49-15 (a). Section 49-15 (a) (1) provides, in relevant part, that "no [judgment of strict foreclosure] shall be opened after the title has become absolute in any encumbrancer . . . ."

Section 49-15 (a) (1) also provides, in relevant part, that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and *for cause shown*, be opened and modified. . . ." (Emphasis added). One of the defendant's claims on appeal is that the court improperly placed the burden on him to demonstrate lack of notice of the plaintiff's motion for judgment of strict foreclosure. This claim is without merit. "Cause" under § 49-15 means good cause, and the movant bears the burden of establishing it. *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 546, 616 A.2d 814 (1992) ("[i]t was the defendants' burden to establish the existence of good cause to be entitled to an opening of the judgment pursuant to General Statutes § 49-15"). Thus, the court properly placed the burden on the defendant—the movant—to establish the existence of good cause, namely, his claim of insufficient notice.

[5] Although the defendant's claim here involves defective notice of the foreclosure judgment, and not defective service of process as in *Argent Mortgage Co., LLC*, the rationale of that case applies by analogy to this appeal.

[6] The defendant also claims that "[t]he court erred when it identified an appearance form on file that was clearly no longer accurate with regards to the defendant's address and penalized him because he was a former attorney." The defendant bases this claim on the court's statement that "you're a lawyer, you should know better," when it told the defendant that he should have filed an updated appearance form with his new address. From the record, it is clear that the court did not deny the defendant's motion on the basis of the defendant being a former attorney. Rather, the court found that the defendant received sufficient notice of the court's judgment because notice was sent to the address the defendant provided on his appearance form. In addition, the defendant cites no authority for the proposition that this single remark amounts to error.

[7] Practice Book § 10-12 (a) provides in relevant part that "[i]t is the responsibility of counsel or a self-represented party filing the same to serve on each other party who has appeared one copy of every pleading subsequent to the original complaint, every written motion other than one in which an order is sought ex parte . . . ." Practice Book § 10-13 further provides in relevant part that "[s]ervice upon the attorney or upon a self-represented party . . . may be by delivering a copy or by mailing it to the last known address of the attorney or party." Regarding notice of judgment, Practice Book § 7-5 provides in relevant part that "[t]he clerk shall give notice, by

mail or electronic delivery, to the attorneys of record and self-represented parties . . . of all judgments, nonsuits, defaults, decisions, orders and rulings unless made in their presence." In addition, JDNO notice is used to indicate that notice of a decision or order has been sent by the clerk's office to all parties of record and raises a presumption that notice was sent and received in the absence of a finding to the contrary. *McTiernan* v. *McTiernan*, 164 Conn. App. 805, 808 n.2, 138 A.3d 935 (2016).

[8] Practice Book § 3-3 (a) explains that an appearance includes the mailing address of the party for whom the appearance is being filed. Practice Book § 3-7 (b), governing the consequences of filing an appearance, provides in relevant part: "After the filing of an appearance, the attorney or self-represented party shall receive copies of all notices required to be given to parties by statute or by these rules."

[9] The defendant contends that he should have received notice at the property subject to the foreclosure, located at 282 North High Street in East Haven. He did not file an appearance form providing this address, however, until April 1, 2015—almost two months *after* the law days passed and less than a week before he filed his motion to open.

[10] As the court pointed out at the hearing on the defendant's motion to open, the plaintiff and the court are not only permitted, but *required* to use the address on the appearance form. In *Branford* v. *Van Eck*, 86 Conn. App. 441, 445, 861 A.2d 560 (2004), cert. denied, 272 Conn. 922, 867 A.2d 839 (2005), the defendant filed a self-represented appearance in which he gave an address to which all pleadings were to be sent. The plaintiff in that case failed to mail several pleadings to that address, instead sending them to the property subject to the foreclosure and another address it found for the defendant. Id., 444. On appeal, this court concluded that the trial court correctly denied the plaintiff's motion to default the defendant due to the plaintiff's failure to certify service to the defendant at his address of record. Id., 445. The court further stated that it did "not condone the actions of the plaintiff's counsel" in electing to mail pleadings to the subject property and a putative address rather than to his address of record. Id. Overall, the court in *Branford* emphasizes the importance of sending notice to the address of record in accordance with a party's appearance form.